SPRAGUE ELECTRIC RAILWAY & MOTOR CO. v. NASSAU ELECTRIC R. CO. (two cases).

(Circuit Court, E. D. New York. January 24, 1899.)

PATENTS—ELECTRIC RAILWAY MOTORS.
    The Sprague patent, No. 324,892, for an electric railway motor, construed, and *held* infringed as to claims 2 and 6.

In suit No. 1, complainant moves to punish defendant for contempt in disobeying an injunction against infringement of claims 2 and 6 of the Sprague patent (324,892), which was before the circuit court of appeals in this circuit. 88 Fed. 82. In suit No. 2, complainant asks an injunction against the structures complained of in the first suit, under claims 2, 4, and 6 of the same patent, claim 4 never having been adjudicated.

Frederic Betts, for the motion.
George Harding, Jr., opposed.

LACOMBE, Circuit Judge. The words "flexible connections," in claim 2, and "flexibly supported," in claim 6, refer to the flexible suspension spoken of in the opinion, by which, in combination with centering the one part on the axle, both armature and field magnet always maintain precisely the same relative position under every vertical or lateral movement of the car. It may be that defendant's present devices, in which wooden blocks, with a core large enough to allow play of the bolt which passes through them, constitute the support, are deleterious when the parts become loose, but nevertheless they do under such conditions give substantially the same freedom of movement to the nose end of the motor as was given by the "flexible connections" of the Sprague patent. The numerous affidavits which assert that no good mechanic would allow the parts to become loose, that all loose nuts are at once tightened up, and most positive directions given to have all connections rigid, are of little weight in contradiction of the express statements as to cars examined, in which freedom of movement of the nose end of the motor was found to exist, the distinguishing numbers of such cars being given. It

would seem as if, in view of the character of inspection which is to be expected of the rolling stock of a road in a large city where the carrying capacity must frequently be taxed to its limit for days at a time, the present device so menaces infringement that it should be enjoined, unless it be so modified as to insure rigidity even when in constant use.

In the first suit, complainant may take an order fining defendant $25 per car for disobedience of injunction; that is, $25 for each separate car enumerated in the affidavits of Broadhurst and Hammer as exhibiting freedom of movement in the motors. In the second suit, complainant may take injunction under claims 2 and 6, but not under claim 4 (which has not yet been adjudicated), against the present wood block, bolt, and nut device; but injunction shall not require removal of first 250 until 60 days thereafter, at the rate of 300 a month until all are removed.